1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CITY OF RIPON,                                    No.  2:12-cv-1638-WBS-KJN

12                 Plaintiff,

13          v.                                          ORDER

14    CONTINENTAL INSURANCE
      COMPANY & TRAVELERS
15    INDEMNITY COMPANY,

16                 Defendants.

17

18          On October 2, 2013, the court conducted a discovery conference to address the parties'

19    pending discovery motions and any other present discovery disputes.  At the conference, William

20    Brown, Benjamin Syz, and Stacey Henderson appeared for the plaintiff City of Ripon; Laura

21    Goodman appeared on behalf of defendant Continental Insurance Company; and Dolores Dalton

22    appeared on behalf of defendant Travelers Indemnity Company.  (ECF No. 28.)

23          After considering the parties' joint letter brief filed September 26, 2013 (ECF No. 26), and

24    for the reasons discussed with counsel on the record at the conference, IT IS HEREBY

25    ORDERED that:

26          1.   The deposition of the City of Ripon's person most knowledgeable pursuant to Federal

27               Rule of Civil Procedure 30(b)(6) shall take place on October 9, 2013, at 9:30 a.m., in

28               Livermore, California.  The deposition shall not exceed 1 day of 7 hours, unless

1

1    otherwise agreed by the parties.  Any objections as to insufficient length of notice for

2    the deposition are waived.

3    2.   The deposition of Leon Compton shall take place on October 10, 2013, at 9:30 a.m., in

4         Modesto, California.  The deposition shall not exceed 1 day of 7 hours, unless

5         otherwise agreed by the parties.  Any objections as to insufficient length of notice for

6         the deposition are waived.

7    3.   The deposition of Jeanne Hall shall take place on October 7, 2013, at 9:30 a.m., in

8         Livermore, California.  The deposition shall not exceed 1 day of 7 hours, unless

9         otherwise agreed by the parties.  Any objections as to insufficient length of notice for

10        the deposition are waived.

11   4.   Based on their representations at the conference, the parties are directed to further

12        meet and confer, and reach appropriate stipulations if possible, with respect to the City

13        of Ripon's motions to compel responses or further responses to certain interrogatories

14        and requests for production of documents from defendants.  The October 10, 2013

15        hearing on these motions (ECF Nos. 21, 22) is VACATED and the motions are

16        DENIED WITHOUT PREJUDICE.  These motions may be refiled upon proper notice

17        if the parties are unable to resolve the issues informally.

18   5.   In light of the agreement of the parties at the conference, the City of Ripon is deemed

19        to have waived the attorney-client privilege and work product protection with respect

20        to the February 28, 2005 memorandum referenced in defendant Continental Insurance

21        Company's notice of motion to compel (ECF No. 19) and the parties' joint letter brief.

22        (ECF No. 26.)  The waiver does not generally extend to any other privileged or

23        protected documents or communications, although the court does not make any

24        definitive determination regarding the exact scope of the waiver at this juncture as it

25        relates to the content of that memorandum.  The City of Ripon shall provide a

26        substantive response to defendant Continental Insurance Company's Request for

27        Admission No. 18 within seven (7) days of this order.  Continental Insurance

28        Company's motion to compel such a response (ECF No. 19) is DENIED AS MOOT

2

in light of the parties' agreement and this order, and the October 10, 2013 hearing on that motion is VACATED.

6.  The parties are directed to further meet and confer with respect to the Rule 30(b)(6) depositions of defendants Continental Insurance Company and Travelers Indemnity Company.

7.  Failure to comply with the terms of this order, as well as general principles of civility, communication, and cooperation as discussed at the conference, may result in the imposition of sanctions against the offending party or parties.

8.  This order disposes of docket numbers 19, 21, and 22.

9.  If the parties wish to file a stipulation seeking to extend the pretrial and trial dates in this case in order to provide more time to address the matters discussed herein the court would certainly entertain such a request.

IT IS SO ORDERED.

Dated:  October 3, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3